# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-50256
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
November 17, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

GABRIEL RIVERA-GONZALEZ,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:14-CR-808-1

Before KING, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:*

Gabriel Rivera-Gonzalez pleaded guilty to being found illegally present in the United States after deportation. *See* 8 U.S.C. § 1326(a) and (b). On appeal, he argues that his 57-month sentence is substantively unreasonable because U.S.S.G. § 2L1.2 double counts prior convictions and lacks an empirical basis. He also avers that his sentence is greater than necessary to promote respect for the law, provide just punishment, deter future criminal

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

conduct, or protect the public.  According to Rivera-Gonzalez, the district court failed to give appropriate weight to his personal history and characteristics, specifically, that his prior convictions were primarily minor traffic infractions, that he came to the United States for work, and that he has spent most of his adult life in the United States.

We review the substantive reasonableness of Rivera-Gonzalez's sentence for abuse of discretion.  *See United States v. Cedillo-Narvaez*, 761 F.3d 397, 401 (5th Cir.), *cert. denied*, 135 S. Ct. 764 (2014).  Because the district court imposed a within-guidelines sentence, we presume the sentence is reasonable.  *See United States v. Campos-Maldonado*, 531 F.3d 337, 338 (5th Cir. 2008).  Although Rivera-Gonzalez asserts that the presumption should not apply because § 2L1.2 is not empirically based, he concedes that this argument is foreclosed by *United States v. Mondragon-Santiago*, 564 F.3d 357, 366-67 (5th Cir. 2009).

We have rejected the arguments that § 2L1.2 improperly double counts prior convictions, that its lack of an empirical basis necessarily renders a sentence under it unreasonable, and that the guideline overstates the seriousness of what is essentially an international trespass.  *United States v. Duarte*, 569 F.3d 528, 529-31 (5th Cir. 2009); *United States v. Mondragon-Santiago*, 564 F.3d 357, 366-67 (5th Cir. 2009); *United States v. Juarez-Duarte*, 513 F.3d 204, 212 (5th Cir. 2008).

The district court sentenced Rivera-Gonzalez within the guidelines range after listening to his mitigating arguments.  Rivera-Gonzalez's arguments amount to a disagreement with the balance among the sentencing factors that the district court struck, but this court will not reweigh those factors.  *See United States v. McElwee*, 646 F.3d 328, 344-45 (5th Cir. 2011).  Rivera-Gonzalez's reliance on the Guidelines' alleged overstatement of the

No. 15-50256

seriousness of the offense and the district court's rejection of the mitigating facts, such as his history of living in the United States and his motive of returning to work, fail to rebut the presumption of reasonableness attached to his within guidelines sentence. *See United States v. Gomez-Herrera*, 523 F.3d 554, 565-66 (5th Cir. 2008). Rivera-Gonzalez has failed to demonstrate that the district court did not consider a factor that should have received significant weight, gave significant weight to a factor it should have discounted, or made a clear error of judgment when it balanced the relevant factors. *See United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009). He has not rebutted the presumption that his within-guidelines sentence is reasonable. *See Campos-Maldonado*, 531 F.3d at 338.

The judgment of the district court is AFFIRMED.